UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK WILLIAMS,
CHE DEMYERS,
    a/k/a "Lil Bear,"
MERRIA WALLACE,
IVAN WILLIAMS,
    a/k/a "Vo," a/k/a "Ivo," and
FRANCHOT MEADOWS,
    a/k/a "Chotty," a/k/a "Shotty,"

    Defendants.
_____/

Case No. 1:23-cr-98

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motions of Defendants Franchot Meadows (ECF No. 506) and Ivan Williams (ECF No. 507), seeking a 120-day ends-of-justice continuance of the February 25, 2025 final pretrial conference and March 18, 2025 jury trial. Defendants Meadows (ECF No. 506 at PageID.2447), Ivan Williams (ECF No. 507 at PageID.2457), and Merria Wallace (ECF No. 515 at PageID.2569) filed signed consents to the request for a continuance. Defendant Che Deymers objects to the request (ECF No. 517), opining that neither Defendant has presented compelling reasons for additional delay (*id.* at PageID.2576). Despite being ordered to file a signed consent or statement, *see* Order, ECF No. 503, the position of Mark Williams, the last co-Defendant remaining for trial, is unknown at this time. The government filed a response in opposition to the motions (ECF No. 520). For the following reasons, the motions are properly denied.

**I**

This multi-defendant drug trafficking conspiracy case was initiated in August 2023. The grand jury has returned five separate indictments. *See* ECF Nos. 1, 27, 126, 253, & 350–351.

Defendants Meadows and Ivan Williams, the two most recently added co-Defendants to this case, were first named in the Fourth Superseding Indictment filed on June 26, 2024 (ECF Nos. 350–351). They are named with Defendants Jason Demyers, Mark Williams, Che Demyers, and Wallace in Count 1 (Conspiracy to Distribute & Possess with Intent to Distribute Controlled Substances). Additionally, they are the sole named Defendants in Count 4 (Possession with Intent to Distribute Cocaine).

Since his detention hearing on July 12, 2024, Defendant Ivan Williams has been represented by his current retained counsel, W. Otis Culpepper. *See* Minutes, ECF No. 368. Defendant Meadows has been represented by his current retained counsel, Richard H. Morgan, Jr., since his first appearance on July 17, 2024. *See* Minutes, ECF No. 375.

On July 24, 2024, Defendant Meadows (ECF No. 399) and on August 2, 2024, Defendant Ivan Williams (ECF No. 424) sought a 180-day ends-of-justice continuance of the September 6, 2024 final pretrial conference and September 24, 2024 jury trial. On August 13, 2024, after granting several other continuances in this case (*see* ECF Nos. 43, 201, 275, & 332), this Court granted their requests and re-noticed the final pretrial conference for February 25, 2025 and the jury trial for March 18, 2025 (Memo. Op. & Or., ECF No. 433).

Several months later, on January 6, 2025, Defendant Franchot Meadows filed the instant "Renewed Motion for 'Ends of Justice' Continuance, of All Dates and Deadlines, including Trial" (ECF No. 506). On January 7, 2025, Defendant Ivan Williams filed his "Motion for Continuance

of All Dates and Deadlines, including Trial" (ECF No. 507).  The government filed its response in opposition to the motions on January 16, 2025.

## II

The Speedy Trial Act ("the STA" or "the Act") provides that a criminal defendant's trial must generally commence within 70 days of either the filing date of the indictment or the date of the defendant's initial court appearance related to the charge, whichever occurs later.  18 U.S.C. § 3161(c)(1).  The Act provides that computation of the 70-day period excludes certain enumerated "periods of delay," *id.* § 3161(h)(1)–(8), which operate to stop the so-called "Speedy Trial clock." *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011).  The Act also allows for a continuance whenever a district court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Pursuant to 18 U.S.C. § 3161(h)(6), "when multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009) (citing, in pertinent part, *Henderson v. United States*, 476 U.S. 321, 330 (1986)).

To properly enact an ends-of-justice continuance, the district court must take several steps. *United States v. Brown*, 100 F.4th 703, 712 (6th Cir. 2024) (citing *Zedner v. United States*, 547 U.S. 489, 509 (2006)).  "First, before the continuance begins, the district court must consider certain statutory factors: whether the failure to grant a continuance would result in a miscarriage of justice or make continuation of the proceeding impossible; whether the case's unusual nature or complexity requires extra time for preparation; whether there is a delay in filing the indictment because of timing or complex or unusual facts; and whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, unreasonably deny a party continuity of counsel, or deny a party reasonable time necessary for effective preparation." *Id.*  "Next—but

still before granting the continuance—the district court must make findings, even 'if only in the judge's mind,' that the ends of justice would be served by a continuance and would outweigh the defendant's and public's interests in a speedy trial." *Id.* (quoting *Zedner*, 547 U.S. at 506–07). The court's express findings and reasoning must be put on the record, orally or in writing. *Id.* "The reasons must be stated with particularity, although the order need not be lengthy." *United States v. Smith*, 510 F. App'x 390, 395 (6th Cir. 2013).

Counsel for Defendant Meadows seeks a 120-day continuance based on (1) the "tremendous amount of discovery in this matter," (2) certain deaths in his wife's family in 2023 and 2024, and (3) his state court trial schedule (ECF No. 506 at PageID.2441–2443). In his request for a continuance, counsel for Defendant Ivan Williams similarly seeks a 120-day continuance based on (1) "the tremendous amount of discovery in this matter" and (2) his state court trial schedule (ECF No. 507 at PageID.2452–2455).

In response, the government points out that it provided discovery to Meadows and Ivan Williams in August 2024 (ECF No. 520 at PageID.2743), i.e., approximately twenty weeks before these motions. The government indicates that because the discovery does not apply equally to all charged Defendants, the government also provided counsel "guidance as to which items focused on the six-kilogram cocaine seizure, including which warrants and other materials would be most relevant to Meadows and [Ivan] Williams" (*id.*). The government opposes another continuance in this case, which has been pending for approximately 18 months, emphasizing that in addition to protecting the public's right to a speedy trial, the government must also consider the fact that the passage of time can, for example, affect witnesses' memories (*id.* at PageID.2744).

Defendants' requests for a 120-day continuance are properly denied.

The March 18, 2025 jury trial date has long been anticipated in this case. Defendants only generically reference the catalog of discovery in this case, without identifying any specific or unique barrier to proceeding with trial in approximately seven weeks. The government reasonably points out that further delay at this late date may affect the government's trial preparations. Having considered the relevant factors under 18 U.S.C. § 3161(h)(7)(B), the case circumstances, including the previous continuances, and the reasons set forth in the instant motions, the Court finds that the ends of justice served by the granting of a continuance do not outweigh the best interest of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that the failure to grant a continuance would not result in a miscarriage of justice. *See* § 3161(h)(7)(B)(i), (B)(iv).

### III

Additionally, Defendant Meadow requests, "in the alternative, a severance of this Defendant from the other trial group who has had the opportunity and the luxury" of more time to prepare for trial (ECF No. 506 at PageID.2442). Meadows did not supply any further factual or legal development in support of his alternative request, and the government did not address the request in its response.

Federal Rule of Criminal Procedure 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." FED. R. CRIM. P. 8(b). While a court may order separate trials if consolidation for trial appears to prejudice a defendant, *see* FED. R. CRIM. P. 14(a), "severance is not the norm." *United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020). Rather, "[j]oint

trials are favored[.]" *Id.* (citation omitted). "It's not just more efficient to have one trial and one set of evidentiary admissions for all defendants at once, but a joint trial also decreases the risk of inconsistent verdicts[.]" *Id.* (citing, in part, *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)). *See also United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004) ("[A] strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts[.]"). Severance is appropriate, then, "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Defendant Meadows has not identified a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about his guilt or innocence. That his co-Defendants, who face different charges and/or different evidence, have been indicted for a period of time longer than Defendant Meadows is a "generalized concern" that is not uncommon in a joint trial with multiple defendants. *See United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019) (citation omitted). Defendant's concern falls far short of demonstrating compelling prejudice. Accordingly, the Court, in its discretion, determines that Defendant Meadows' alternative request for severance is also properly denied.

Therefore:

**IT IS HEREBY ORDERED** that Defendant Franchot Meadows' "Renewed Motion for 'Ends of Justice' Continuance, of All Dates and Deadlines, including Trial" (ECF No. 506) and Defendant Ivan Williams' "Motion for Continuance of All Dates and Deadlines, including Trial" (ECF No. 507) are DENIED.

Dated: January 23, 2025                                   /s/ Jane M. Beckering
                                                          JANE M. BECKERING
                                                          United States District Judge